■ MILO F. WINCHESTER, as Executor of HAROLD H. BARRETT, Deceased, Respondent, v. FARMERS PRODUCTION CREDIT ASSOCIATION OF PLEASANT VALLEY et al., Appellants.— Order and judgment of the Supreme Court, Dutchess County, dated July 15, 1965 and July 26, 1965, respectively, affirmed, with $10 costs and disbursements to plaintiff, payable by appellant the Old Republic

Life Insurance Company. No opinion. [The appeal, if any, by defendant Farmers Production Credit Association of Pleasant Valley has not been prosecuted.] Ughetta, Rabin, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and judgment and to deny plaintiff's motion for summary judgment, with the following memorandum: Plaintiff's decedent borrowed $13,222 from defendant Farmers Production Credit Association, a credit union. He applied for and was issued term life insurance by defendant The Old Republic Life Insurance Company for one year beginning September 1, 1960 and ending September 1, 1961, under the latter's insurance policy issued to a certain " credit bank " and its group of " affiliated creditors ", which included this credit union. Under the terms of the policy, the benefits were first to be applied toward the discharge of the decedent's indebtedness to the credit union. It also provided that, in the event the indebtedness be not fully discharged and the affiliated creditor extend the time of payment, the decedent's insurance shall, " in consideration of an additional premium ", continue in force during such loan extension period, but not exceeding six months from the expiration date of the initial term. On May 2, 1961, the insurance company notified defendant credit union and the credit bank by telegram not to issue any certificates of insurance until new policies, certificates and rates were drawn up in accordance with the Insurance Law and the regulations of the State Department of Insurance, as mandated by a recent court decision. The following day, the insurance company supplemented this with its letter that debtors' insurance then in effect under the policy was not to be renewed or extended and that the affiliated creditors should be so notified. In July, 1961, the credit union extended the decedent's time to pay the loan. No additional premium was paid. On August 21, 1961, the decedent was notified by the credit union that at the expiration of his insurance on September 1, 1961 his account would no longer be covered by insurance. He died on September 18, 1961. This action was brought to recover upon the alleged insurance thus obtained by the decedent. The executor of his estate, as well as the credit union, contended that (a) the extension of the loan operated to extend the term of his insurance for six months beyond September 1, 1961; (b) the additional premium was payable within the grace period provided in the policy for the payment of premiums; (c) the grace period commenced on September 1, 1961, the date of expiration of the initial term; and, (d) having died within such grace period, he was covered. I do not agree. I construe the extension clause to provide that payment of the additional premium, as well as the extension of the loan, was a necessary prerequisite to the extension of the term of the insurance. In my opinion, implicit in the requirement of the additional premium was the intent to preserve the insurance company's prerogative to consent to or to reject any extension by accepting or refusing the additional premium. It would hardly be in keeping with reasonable construction to attribute to the extension clause an intent to permit the decedent or an interested party, such as the credit union, to extend the term of the insurance by some act over which he or it had control, without the insurance company's consent. The situation at bar is not to be equated with those where a policy is extendible upon the happening of a contingency beyond the control of the interested parties. That the insurance company did not intend to extend by accepting any additional premium was manifested by its letter of May 3, 1961 admonishing against any renewals or extensions. That the credit union anticipated the insurance company's rejection and acquiesced therein is manifested by its letter to the decedent on August 21, 1961.